**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

J.W. Neal Construction, LLC, a South Carolina limited liability company, Respondent,

v.

Cornelia Thomas, Appellant.

Appellate Case No. 2012-212494

———————

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-017
Submitted October 1, 2014 – Filed January 14, 2015

———————

**AFFIRMED**

———————

Herbert W. Hamilton, of Hamilton Martens Ballou & Carroll, LLC, of Rock Hill, for Appellant.

John Martin Foster, of Rock Hill, for Respondent.

———————

**PER CURIAM:** Cornelia Thomas appeals the circuit court's decision confirming an amended arbitration award. On appeal, Thomas argues (1) J.W. Neal Construction's (Neal's) request to modify the arbitration award was untimely; (2) the arbitrator and the circuit court lacked the authority to amend the arbitration

award; and (3) her contract with Neal was unenforceable because Neal did not have a construction license at the time the contract was executed.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether Neal's request to modify the arbitration award was untimely: *Aiken v. World Fin. Corp. of S.C.*, 373 S.C. 144, 148, 644 S.E.2d 705, 708 (2007) ("In order to be preserved for appellate review, an issue must have been raised to and ruled upon by the trial court."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

2.  As to whether the arbitrator and the circuit court lacked the authority to amend the arbitration award:  S.C. Code Ann. § 15-48-140(a)(1) (2005) ("Upon application made within ninety days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where . . . [t]here was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award . . . ."); *Lauro v. Visnapuu*, 351 S.C. 507, 517, 570 S.E.2d 551, 556 (Ct. App. 2002) (noting "an evident miscalculation of figures" as envisioned by section 15-48-140(a)(1) occurs when the arbitrator commits a mathematical error in calculating the award).

3.  As to whether the contract was unenforceable because Neal did not have a construction license at the time the contract was executed:  S.C. Code Ann. § 40-11-370(C) (2011) ("An entity which does not have a valid license as required by this chapter may not bring an action either at law or in equity to enforce the provisions of a contract."); *Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 614, 703 S.E.2d 221, 224 (2010) (stating section 40-11-370 is an affirmative defense); *id.* at 615, 703 S.E.2d at 224 ("The failure to plead an affirmative defense is deemed a waiver of the right to assert it.").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.